**REICHENBACH, Appellant,**

v.

**CHUNG HOLDINGS, LLC, Appellee.**

[Cite as *Reichenbach v. Chung Holdings, LLC,* 159 Ohio App.3d 79, 2004-Ohio-5899.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1049.

Decided Nov. 5, 2004.

80

Gregory S. Reichenbach, pro se.

Philip J. Charvat, pro se amicus curiae.

PIETRYKOWSKI, Judge.

{¶ 1} This case is before the court on appeal from the Toledo Municipal Court, which denied a motion for partial summary judgment filed by appellant Gregory Reichenbach and granted a motion for summary judgment filed by appellee Chung Holdings LLC. Because we find that the trial court erred, we reverse.

{¶ 2} This case requires us to consider a federal statute, the Telephone Consumer Protection Act ("TCPA") and its accompanying regulations and to answer these questions: (1) whether the statute provides a private right of action for a single prerecorded or automated telephone call; (2) whether the prerecorded or automated call that appellant received contained an "unsolicited advertisement," as that term is used in the statute and the regulations; (3) whether a genuine issue of fact exists as to whether appellee placed the prerecorded or

automated telephone call to appellee; and (4) whether a genuine issue of material fact exists as to whether appellee violated the statute and regulations by failing to provide appellant with a copy of its "do-not-call" policy.

{¶ 3} On November 22, 2002, appellant received a recorded call on his residential phone line from Precision Windshield Repair, a company operated by appellee. Appellee's owner averred in an affidavit that the following prerecorded message was played:

{¶ 4} "Hi, this is a message from Precision Windshield Repair. Do you have a crack or chip in the windshield of you[r] car? In most cases the repair is absolutely free. If you would like to speak to a repair specialist please press 1[;] if you would like to leave a message please press 2. If you would like to give us a call, call us at 1–877–244–7349. That's 1–877–CHIP–FIX."

{¶ 5} Appellant averred in his affidavit that since the message did not identify the caller, he pressed the button requesting a call back. Within an hour, he received a call from Keith Armbruster of Precision Windshield Repair, and during this call, he also spoke with Hyek "Corey" Chung, who identified himself as the owner of Precision Windshield. Appellant taped part of the prerecorded message and all the second call. During the second call, Armbruster told appellant the address and phone number of Precision Windshield, and he confirmed that a computer had placed the first call. After appellant asked to be placed on the company's do-not-call list, Armbruster put Corey Chung on the line. After appellant and Chung had some discussion about the legality of prerecorded phone calls, appellant again asked to be placed on the company's do-not-call list, and he also asked Chung to send him a copy of the company's do-not-call policy. Not having received the policy, appellant sent a letter to appellee again requesting the policy and demanding $700 for violating both the TCPA and the Ohio Consumer Sales Practices Act ("CSPA"). Later, in an answer to a request for production of documents, appellee admitted that it did not have a do-not-call policy on November 22, 2002. It is undisputed that appellant and appellee do not have a prior business relationship and that appellant did not invite the November 22, 2002 calls. It is also undisputed that appellee is a commercial enterprise and not a tax-exempt, nonprofit organization.

{¶ 6} Appellant filed suit against appellee, asserting claims under the TCPA and the CSPA. Subsequently, appellee moved for summary judgment, and appellant moved for partial summary judgment (on all issues "except discretionary damages"). The trial court held a hearing on the motions. The trial court granted appellee's motion and denied appellant's motion but did not issue an opinion explaining its decision. Appellant now appeals, setting forth the following assignments of error:

{¶ 7} "First Assignment of Error

{¶ 8} "The trial court erred to the prejudice of Plaintiff–Appellant by granting Defendant–Appellee summary judgment on Claim 1, which denied Plaintiff–Appellant the statutory damages to which he was entitled because Defendant–Appellee initiated a prerecorded or automated telephone call to Plaintiff–Appellant's residential phone line without his prior express consent, and failed to provide its written do-not-call policy to Plaintiff–Appellant on demand, both of which acts violated the Telephone Consumer Protection Act.

{¶ 9} "Second Assignment of Error

{¶ 10} "The trial court erred to the prejudice of Plaintiff–Appellant by denying Plaintiff–Appellant summary judgment on Claim 1 [TCPA], because there was no genuine issue of material fact and Plaintiff–Appellant was entitled to judgment as a matter of law, as to his claims that Defendant–Appellee initiated a prerecorded or automated telephone call to Plaintiff–Appellant's residential phone line with [sic] his prior express consent, and failed to provide its written do-not-call policy to Plaintiff–Appellant on demand."

{¶ 11} Because appellant's assignments of error are related, we shall address them together.

{¶ 12} We review de novo the trial court's ruling on the summary judgment motions. *Conley–Slowinski v. Superior Spinning* (1998), 128 Ohio App.3d 360, 363, 714 N.E.2d 991. A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when she demonstrates "that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party." *Miller v. Bike Athletic Co.* (1998), 80 Ohio St.3d 607, 617, 687 N.E.2d 735.

{¶ 13} The first question is whether a private right of action exists when a company causes just one prerecorded phone call to be made. Former Section 227(b), Title 47, U.S.Code provided:

{¶ 14} "(b) Restrictions on use of automated telephone equipment

{¶ 15} "(1) Prohibitions. It shall be unlawful for any person within the United States—

{¶ 16} "* * *

{¶ 17} "(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)."

{¶ 18} Former Section 64.1200(a)(2), Title 47, C.F.R. exempted certain phone calls. That section provided:

{¶ 19} "(a) No person may:

{¶ 20} "* * *

{¶ 21} "(2) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by § 64.1200(c) of this section.

{¶ 22} "* * *

{¶ 23} "(c) The term 'telephone call' in § 64.1200(a)(2) of this section shall not include a call or message by, or on behalf of, a caller:

{¶ 24} "(1) That is not made for a commercial purpose,

{¶ 25} "(2) That is made for a commercial purpose but does not include the transmission of any unsolicited advertisement,

{¶ 26} "(3) To any person with whom the caller has an established business relationship at the time the call is made, or

{¶ 27} "(4) Which is a tax-exempt nonprofit organization."

{¶ 28} The statute provides a private right of action in state court for violation of Section 227.  Section 227(b)(3), Title 47, U.S.Code provides:

{¶ 29} "(3) Private right of action.  A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

{¶ 30} "(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

{¶ 31} "(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

{¶ 32} "(C) both such actions."

{¶ 33} Appellee contended in its motion for summary judgment (it did not file an appellate brief) that a different provision applied.  Appellee cited Section 227(c)(5), Title 47 U.S.Code, which provides:

{¶ 34} "(5) Private right of action.  A person who has received more than one telephone call within any 12–month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

{¶ 35} "(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

{¶ 36} "(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

{¶ 37} "(C) both such actions."

{¶ 38} Thus, according to appellee, appellant does not have a private right of action unless he received two calls in a 12–month period. It is undisputed that appellant received only one such call.

{¶ 39} We disagree with appellee. The prohibition against artificial or prerecorded messages is found in Section 227(b)(3). Section 227(b)(3)(A) provides for a private right of action for "*a* violation of this subsection or the regulations prescribed under this subsection." (Emphasis added.) The phrase "this subsection" must be construed to mean subsection (b), which applies to automated or prerecorded calls and facsimile transmissions. See *Grady v. Lenders Interactive Servs.*, 8th Dist. No. 83966, 2004-Ohio-4239, 2004 WL 1799178, at ¶ 36 (the clear language of Section 227(b) does not require more than one fax transmission to constitute a violation). Section 227 also provides for a separate private right of action under subsection (c)(5), which deals with live telephone calls, not with prerecorded or artificial messages. Under subsection (c), in order to have a private right of action, the recipient must receive more than one phone call in a 12–month period. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 WL 21517853, 2003 FCC LEXIS 3673, at ¶ 205 (July 3, 2003) (recognizing that Section 227 contains two different private rights of action: one for automated or prerecorded messages and fax transmissions in subsection (b)(3) and one for live telephone calls in (c)(5)).[1] Because the call in question was a prerecorded message, the subsection providing for a private right of action is Section 227(b)(3), which requires only one call. Therefore, appellant has a private right of action in state court for even a single violation of the statute.

{¶ 40} Since calls not containing an "unsolicited advertisement" are exempt under Section 64.1200(c)(2), Title 47, C.F.R., the next question is whether appellee's automated message contained an "unsolicited advertisement." Appellant claims that it did. Former Section 227(a)(4), Title 47, U.S.Code and former Section 64.1200(f)(5), Title 47, C.F.R. defined "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission."

---

1. We recognize that the FCC did not issue this commentary until after the date of the phone message in the instant case. However, because this part of the statute has not changed in any substantive way since the date of the phone message, the commentary is instructive.

{¶ 41} In the trial court, appellee contended that the call did not contain an unsolicited advertisement because the recipient of the call had to do an affirmative act (press 1) in order to hear the actual sales pitch. At least one court in Ohio has rejected this argument, noting that the purpose of the TCPA is to reduce the number of nuisance calls. See *Charvat v. Crawford*, 155 Ohio App.3d 161, 2003-Ohio-5891, 799 N.E.2d 661, at ¶ 18. The Federal Communications Commission has also expressed the opinion that a sale is not required in order for the message to contain an unsolicited advertisement and that offers for "free goods or services that are part of an overall marketing campaign to sell property, goods, or services constitute [an unsolicited advertisement]." In re Rules and Regulations Implementing the TCPA, 2003 WL 21517853, 2003 FCC LEXIS 3673, at ¶ 140. The FCC stated:

{¶ 42} "Therefore, a prerecorded message that contains language describing a new product, a vacation destination, or a company that will be in 'your area' to perform home repairs, and asks the consumer to call a toll-free number to 'learn more,' is an 'unsolicited advertisement' under the TCPA if sent without the called party's express invitation or permission." Id. at fn. 477.[2]

{¶ 43} The prerecorded message that appellee sent appellant advertised the "commercial availability" of services, see former Section 64.1200(f)(5), Title 47, C.F.R.; Section 227(a)(4), Title 47, U.S.Code, and it closely resembles the type of message defined as an unsolicited advertisement by the FCC. See In re Rules and Regulations at fn 477. We therefore find that the prerecorded message that appellee sent to appellant was an unsolicited advertisement. We also find that no other exemption in Section 64.1200(c), Title 47, C.F.R. applies. Therefore, we find as a matter of law that appellee violated the TCPA by initiating a prerecorded message containing an unsolicited advertisement, and we find that appellant has a private right of action in state court to redress it.

{¶ 44} Next, we must decide whether appellee violated the TCPA by failing to provide its do-not-call policy to appellant upon demand. Former Section 64.1200(e)(2), Title 47, C.F.R. provided:

{¶ 45} "No person or entity shall initiate any telephone solicitation to a residential telephone subscriber:

{¶ 46} "(1) Before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location), and,

---

2. The Supreme Court has held that courts should give deference to an agency's commentary on its own rules unless the commentary is at odds with the regulations. *Charvat v. Dispatch Consumer Servs.*, 95 Ohio St.3d 505, 2002-Ohio-2838, 769 N.E.2d 829, at ¶ 35–38.

{¶ 47} "(2) Unless such person or entity has instituted procedures for maintaining a list of persons who do not wish to receive telephone solicitations made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

{¶ 48} "(i) Written policy. Persons or entities making telephone solicitations must have a written policy, available on demand, for maintaining a do-not-call list.

{¶ 49} "* * *"

{¶ 50} "Telephone solicitation" was defined in the regulations as:

{¶ 51} "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message:

{¶ 52} "(i) To any person with that person's prior express invitation or permission;

{¶ 53} "(ii) To any person with whom the caller has an established business relationship; or

{¶ 54} "(iii) By or on behalf of a tax-exempt nonprofit organization." Former Section 64.1200(f)(3), Title 47, C.F.R.

{¶ 55} Since appellee admitted that it did not have a do-not-call policy at the time it made the prerecorded phone call to appellant, that it is not a tax-exempt, nonprofit organization, and that appellant did not give prior consent for the call, appellee has violated the regulations requiring a do-not-call policy that is produced on demand. We therefore find as a matter of law that appellee violated the TCPA in this manner as well.

{¶ 56} In sum, we find that appellee, as a matter of law, violated two provisions of the TCPA and that appellant has a private right of action in state court to redress these violations. Therefore, the trial court erred in granting appellee's motion for summary judgment and denying appellant's motion for partial summary judgment, and both of appellant's assignments of error are well taken. The case is reversed and remanded for a determination on damages.

{¶ 57} Upon due consideration, we find that substantial justice was not done the party complaining, and the decision of the Toledo Municipal Court is reversed and remanded for a determination on damages. Pursuant to App.R. 24, appellee is ordered to pay the court costs of this appeal.

Judgment reversed.

Lanzinger and Singer, JJ., concur.