**CHARVAT, Appellant,**

v.

**RYAN et al., Appellees.**

[Cite as *Charvat v. Ryan,* 168 Ohio App.3d 78, 2006-Ohio-3705.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–1331.

Decided July 20, 2006.

Ferron & Associates, L.P.A., John W. Ferron, and Lisa A. Wafer, for appellant.

Schottenstein, Zox & Dunn, Brian M. Zets, John C. McDonald, and Stephen J. Smith, for appellees.

SADLER, Judge.

{¶ 1} Plaintiff-appellant, Philip J. Charvat, appeals from the December 8, 2005 judgment of the Franklin County Court of Common Pleas in which that court granted summary judgment in favor of defendants-appellees, Thomas N. Ryan, D.D.S., and Thomas N. Ryan, D.D.S., Inc., on certain of appellant's claims that appellees violated the federal Telephone Consumer Protection Act ("TCPA") and Ohio's Consumer Sales Practices Act ("CSPA") by making prerecorded voice-message telemarketing calls to appellant's residence.

{¶ 2} The genesis of this case occurred on December 9, 2003, when appellees admittedly used automated dialing equipment and a prerecorded voice-messaging system to place a telemarketing call to appellant's residential telephone number. On December 22, 2003, appellant sent appellees a letter demanding a copy of appellees' "Do Not Call Maintenance Policy." Appellees never responded to the letter. On January 20, 2004, appellant commenced this action.

{¶ 3} In his complaint, appellant alleges that appellees initiated the December 9, 2003 telephone call using automated equipment, that the call consisted of a prerecorded message regarding the opportunity to receive information about dental health and dental services, that appellees made the call for the purpose of soliciting business for appellees' dental practice, and that appellees made the call without first obtaining appellant's express consent. Appellant also alleges that the prerecorded message failed to contain, at the beginning of the message, a clear statement of the name of the sponsoring business and it failed to provide the telephone number or address of appellees' business. Appellant further alleges that appellees failed and refused to send appellant a copy of appellees' "Do Not Call Maintenance Policy" despite his request.

{¶ 4} Appellant's complaint contains claims under Section 227(b), Title 47, U.S.Code and seeks separate damages thereunder as follows: (1) $500 for the single instance of appellees' having called appellant with a prerecorded message without his prior express consent, (2) an additional $1,000 for having done so knowingly and willfully, (3) an additional $500 for having used a prerecorded message that did not disclose the name of the business making the call, (4) an additional $1,000 for having done so knowingly and willfully, (5) an additional $500 for having used a prerecorded message that did not state the telephone number or the address of the business making the call, (6) an additional $1,000 for having done so knowingly and willfully, (7) an additional $500 for having failed to send to appellant, upon request, a copy of appellees' "Do Not Call Maintenance Policy," and (8) an additional $1,000 for having done so knowingly and willfully.

{¶ 5} Appellant's complaint also contains claims under the CSPA, which prohibits a supplier from committing "an unfair or deceptive act or practice in connection with a consumer transaction." R.C. 1345.02(A). Appellant seeks separate damages under the CSPA as follows: (1) $200 for the single instance of appellees' having called appellant with a prerecorded message without his prior express consent, (2) an additional $200 for having used a prerecorded message that did not disclose the name of the business making the call, (3) an additional $200 for having used a prerecorded message that did not state the telephone number or the address of the business making the call, (4) an additional $200 for having failed to send to appellant, upon request, a copy of appellees' "Do Not Call Maintenance Policy," and (5) an additional $200 for failing to state, at the

beginning of the solicitation, that the purpose of the call was to make a sale. Appellant's complaint also seeks attorney fees, costs, and a permanent injunction.

{¶ 6} In their motion for summary judgment, appellees admitted that they placed the telephone call and further admitted that the call contained a prerecorded message, was made to appellant's home telephone line, was placed without appellant's prior express consent, was placed for the purpose of selling goods and services, was placed using automated telephone dialing equipment, was made for commercial purposes, failed to clearly state the name of the business at the beginning of the message, failed to provide the telephone number and address of the business, was used to find new patients, was made with the intent to make a profit, and was made knowingly and purposely. They further admitted that they failed to send a "Do Not Call Maintenance Policy" to appellant because they did not have such a policy in place.

{¶ 7} Appellees argued, however, that appellant's recovery based upon the telephone call is limited to a total of $500 because he may only recover the TCPA's statutory damage amount on a per-call basis. They argued that he may not recover a separate award of $500 for each statutory violation occasioned by the manner in which the single telephone call was placed. Appellees also argued that their conduct was not so egregious as to warrant treble damages under the TCPA. Finally, appellees argued that they are exempt from the CSPA and, therefore, appellant's claims under that statute should be dismissed.

{¶ 8} The trial court awarded appellant $500 in statutory damages for appellees' failure to provide a copy of a "Do Not Call Maintenance Policy" upon request, because this is a violation of the TCPA that is separate and distinct from appellees' offending telephone call. *Reichenbach v. Chung Holdings L.L.C.*, 159 Ohio App.3d 79, 2004-Ohio-5899, 823 N.E.2d 29, ¶ 55.

{¶ 9} However, the court determined that damages under Section 227(b)(3), Title 47, U.S.Code are available only on a per-call basis and not for each distinct statutory violation occasioned by the single call. Thus, the court ruled that appellant is limited to a single $500 award of damages based on appellees' violation of Section 227(b)(1)(B), Title 47, U.S.Code.

{¶ 10} The court declined to award treble damages under the TCPA, finding that appellees did not act with the requisite mental state. In fact, the court said that "it is hard to conceive of a situation less appropriate for treble damages."

{¶ 11} The court disagreed with appellees on the CSPA claim, finding that appellant is entitled to recovery thereunder. However, because the court found that appellees' call constituted only one violation of the TCPA for which appellant was entitled to damages, it found that the call constituted only a single violation

of the CSPA. Accordingly, the court awarded appellant $200 on that claim. Finally, the court declined to award attorney fees.

{¶ 12} Appellant timely appealed and advances the following eight assignments of error for our review, as follows:

Assignment of Error No. 1:

The trial court erred in granting defendants' motion for summary judgment as to plaintiff's claim that defendants knowingly violated the Telephone Consumer Protection Act by initiating a prerecorded voice message telemarketing call to plaintiff's residence without voluntarily providing the name of the individual or entity making the call.

Assignment of Error No. 2:

The trial court erred in granting defendants' motion for summary judgment as to plaintiff's claim that defendants knowingly violated the Telephone Consumer Protection Act by initiating a prerecorded voice message telemarketing call to plaintiff's residence without voluntarily providing the telephone number or address of the individual or entity making the call.

Assignment of Error No. 3:

The trial court erred in granting defendants' motion for summary judgment as to plaintiff's claim for treble damages on each of his claims under the Telephone Consumer Protection Act.

Assignment of Error No. 4:

The trial court erred in granting defendants' motion for summary judgment as to plaintiff's claim that defendants knowingly violated the Consumer Sales Practices Act by initiating a prerecorded advertising call to plaintiff's residence without voluntarily identifying the individual or entity making the call.

Assignment of Error No. 5:

The trial court erred in granting defendants' motion for summary judgment as to plaintiff's claim that defendants knowingly violated the Consumer Sales Practices Act by initiating a prerecorded advertising call to plaintiff's residence without voluntarily providing the telephone number or address of the individual or business making the call.

Assignment of Error No. 6:

The trial court erred in granting defendants' motion for summary judgment as to plaintiff's claim that defendants knowingly violated the Consumer Sales Practices Act by initiating a prerecorded advertising call to plaintiff's residence that did not state, at the beginning of the call, that the purpose of the call was to make a sale.

Assignment of Error No. 7:

The trial court erred in granting defendants' motion for summary judgment as to plaintiff's claim that defendants knowingly violated the Consumer Sales Practices Act by failing to send plaintiff a copy of defendant's do not call maintenance policy upon plaintiff's demand.

Assignment of Error No. 8:

The trial court erred in granting defendants' motion for summary judgment as to plaintiff's claim for attorneys' fees under the Consumer Sales Practices Act because defendant's violations of the Consumer Sales Practices Act were all knowing violations.

{¶ 13} We begin by recalling that we review the trial court's grant of summary judgment de novo. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates that (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. We construe the facts gleaned from the record in a light most favorable to appellant, as is appropriate on review of a summary judgment. We review questions of law de novo. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286.

■ {¶ 14} In appellant's first and second assignments of error he argues that the trial court erred when it determined that statutory damages under Section 227(b)(3), Title 47, U.S.Code are available on a per-call basis only, and additional statutory penalties are not available separately for each violation of a regulation promulgated thereunder, even where—as here—the offending call violated more than one such regulation.

{¶ 15} The TCPA, at Section 227(b)(1)(B), Title 47, U.S.Code, provides that "[i]t shall be unlawful for any person within the United States * * * to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party * * *." Section 227(b)(3), Title 47, U.S.Code provides:

(3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

{¶ 16} The regulations promulgated pursuant to Section 227(b)(3), Title 47, U.S.Code are located at Section 64.1200, Title 47, C.F.R. The version of those regulations applicable to appellees' telephone call to appellant provides:

(a) No person or entity may * * *

(2) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

* * *

(b) All artificial or prerecorded telephone messages shall:

(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated, and

(2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual.

* * *

(d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

{¶ 17} Appellant argues that the language in Section 227(b)(3), Title 47, U.S.Code, which establishes a private right of action "based on a violation of this subsection or the regulations prescribed [thereunder]," clearly reveals that Congress intended to confer the right to bring a separate cause of action for each and every regulation violated by a single telephone call.

{¶ 18} Appellees argue, however, that this court rejected the very same argument in the case of *Charvat v. Colorado Prime* (Sept. 17, 1998), 10th Dist. No. 97APG09–1277, 1998 WL 634922. *Colorado Prime* involved Section 227(c)(5), Title 47, U.S.Code, which provides:

A person who has received more than one telephone call within any 12–month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in the appropriate court of that State—

(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

{¶ 19} In that case, the plaintiff argued that the phrase "for each such violation" in subparagraph (B) referred to the language "in violation of the regulations prescribed under this subsection." The defendant argued that the phrase "for each such violation" referred to "telephone call." The court determined:

[T]he language at issue is amenable to more than one interpretation. * * * "Such" could be argued to refer to the entire noun phrase "telephone call within any 12–month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" or, alternatively, to the prepositional phrase "in violation of the regulations" contained within the noun phrase.

*Colorado Prime* at *5.

{¶ 20} Because the court found that the language in the relevant statutory provision was ambiguous, it looked to the purpose of the provision, which "is to prevent repeated telemarketing calls to a person who has asked the telemarketer to stop calling." Id. at *5. Based on the fact that the regulations serve that statutory purpose—that is, to prevent *calls* after the consumer has requested that they cease—the court found that "such" refers to the telephone *calls* themselves, not to violations of the regulations occasioned by such calls. Appellees argue that the same reasoning applies in this case because the purpose of Section 227(b), Title 47, U.S.Code is to limit unwanted *calls* containing prerecorded messages.

{¶ 21} In reply, however, appellant points out that the language of Section 227(b)(3), Title 47, U.S.Code is different from that which this court found ambiguous in Section 227(c)(5), Title 47, U.S.Code in *Colorado Prime*. It cannot be ignored, he argues, that unlike the statutory language in *Colorado Prime*, the

language at issue in this case does not even contain the word "call." He argues that the ambiguity that exists in subparagraph (c)(5) of the statute does not exist in subparagraph (b)(3). We agree.

{¶ 22} Subparagraph (b)(3) provides for two types of actions: actions for injunctive relief and actions for damages. A plaintiff may elect to pursue one or the other or both. Section 227(b)(3)(C), Title 47, U.S.Code. For ease of discussion and to assist the reader, let us again reprint the pertinent language:

(3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or

(C) both such actions.

{¶ 23} We observe that the initial sentence of subparagraph (b)(3) contains neither the word "call" nor the word "violation." Section (A) provides for an action for injunctive relief "based on a violation of this subsection" *or* "the regulations prescribed under this subsection." Thus, an action for injunctive relief may be based upon a violation of subsection (b) itself, which prohibits persons from "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," *or* an action for injunctive relief may be based upon a violation of the regulations prescribed under subsection (b), which are the various rules contained in Section 64.1200, Title 47, C.F.R.

{¶ 24} Section (B) goes on to provide for an action for statutory damages "for each such violation." The phrase "such violation" clearly refers to both "a violation of this subsection" and "[a violation] of the regulations prescribed under this subsection" in Section (A). Thus, monetary damages are recoverable for both types of violations for which injunctive relief is available, to wit, violation of subsection (b) and violation of any of the regulations promulgated thereunder. The language unambiguously allows the plaintiff to seek damages based upon a violation of the subsection itself, which violation occurs when a call containing a prerecorded message is made without the plaintiff's prior express consent, or based upon a violation of one of the regulations prescribing the content of prerecorded telemarketing calls, which violation occurs when the call fails to contain certain specific information.

{¶ 25} This allows a plaintiff to pursue statutory damages as a remedy for two separate wrongs: first, the intrusion caused by a telemarketing call that delivers

a message using an artificial or prerecorded voice without the plaintiff's prior express consent; and second, the impediment to the plaintiff availing himself or herself of other rights conferred by the TCPA, e.g., the right to request a copy of the caller's "Do Not Call Maintenance Policy" or to request that the caller place the recipient on the caller's "Do Not Call" list. This second wrong is caused when the caller omits to include within the prerecorded message information regarding the caller's identity and the manner in which the caller may be contacted. Such omissions can significantly impair or altogether thwart the called party's efforts to stop future unwanted calls.

{¶ 26} If a caller violates the subsection but includes all of the required identity and contact information in its message, then the called party may pursue only statutory remedies based upon violation of the subsection. If, on the other hand, the caller not only violates the subsection by placing the call, but also impedes further enforcement of the called party's rights under the TCPA by failing to include within the message the contact information required by the regulations promulgated under the subsection, then the called party may elect to pursue statutory remedies based upon violations of the regulations as well.

{¶ 27} These are precisely the facts of the instant case. It is undisputed that appellees violated subsection (b) by placing the December 9, 2003 call to appellant. It is also undisputed that the prerecorded message delivered by that call failed to contain the name of the caller and failed to contain the telephone number or address of the caller. These facts alone do not warrant multiple awards of statutory damages. It is significant that appellant's complaint specifically sets forth separate claims for damages for the violation of subsection (b)— the call—and for each violation of a regulation that was occasioned by that call. The complaint also contains factual allegations supporting each claim. Under these circumstances, appellant is entitled, pursuant to Section 227(b)(3), Title 47, U.S.Code, to "$500 in damages for each such violation."

{¶ 28} Thus, appellant is entitled to an award for appellees' violation of Section 227(b)(1)(B), Title 47, U.S.Code, delivery of a message using an artificial or prerecorded voice without the plaintiff's prior express consent; another award for violation of Section 64.1200(b)(1), Title 47, C.F.R., delivery of an artificial or prerecorded telephone message that does not, at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call; another award for violation of Section 64.1200(b)(2), Title 47, C.F.R., delivery of an artificial or prerecorded telephone message that does not state clearly the telephone number of such business, other entity, or individual; and another award for violation of Section 64.1200(d)(1), Title 47, C.F.R., failure to have a written policy, available upon demand, for maintaining a "do not call" list. Appellant is entitled to an aggregate award

under the TCPA of $2,000. When the trial court refused to award more than $500 for violations occasioned by the violative call, based on a contrary interpretation of the language of Section 227(b)(3), Title 47, U.S.Code, and granted summary judgment in favor of appellees on this issue, this was error. For these reasons, appellant's first and second assignments of error are sustained.

{¶ 29} In his third assignment of error, appellant argues that the trial court erred when it refused to award treble damages on each of his TCPA claims. Pursuant to Section 227(b)(3), Title 47, U.S.Code, if the court finds that the defendant willfully or knowingly violated subsection (b) or the regulations prescribed thereunder, the court "may, in its discretion" increase the award to an amount equal to no more than three times the statutory amount.

{¶ 30} The plain language of Section 227(b)(3), Title 47, U.S.Code vests the trial court with discretion to determine whether the defendant willfully or knowingly violated the subsection. Therefore, the court's decision in that regard will not be reversed absent an abuse of discretion. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was arbitrary, unreasonable, or unconscionable. *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.* (1995), 72 Ohio St.3d 464, 465, 650 N.E.2d 1343.

{¶ 31} In the present case the trial court declined to increase appellant's award. It based its decision on language from this court's opinion in *Colorado Prime,* in which we stated:

> [T]o knowingly violate the *regulations* as required by Section 227(c)(5), Title 47, U.S.Code, a defendant must do more than make a telephone call. A defendant must affirmatively know it is violating a *regulation* when making the telephone call for purposes of the treble damages provision. Furthermore, this court finds no congressional intent indicating that knowingly should be interpreted to encompass "should have known" and finds that this interpretation would be inconsistent with the plain meaning of knowingly.

(Emphasis sic.) *Charvat v. Colorado Prime,* 10th Dist. No. 97APG09–1277, 1998 WL 634922, at *4.

{¶ 32} The trial court found that the foregoing language requires "a culpable state of mind" and that "[t]he pleadings are void [sic] of any allegation that the Defendant acted with a culpable state of mind." The court went on to conclude that "[t]he Defendant, a dentist engaged in the profession of providing dental services, made one telephone call to the Plaintiff, which was not a knowing and willful violation of the law; therefore, treble damages are not warranted."

{¶ 33} Appellant urges us to follow the case of *Reichenbach v. Financial Freedom Ctrs., Inc.,* 6th Dist. No. L–03–1357, 2004-Ohio-6164, 2004 WL 2634624.

That case also involved TCPA violations through the use of prerecorded messages. The *Reichenbach* court explicitly rejected this court's *Colorado Prime* standard for determining willfulness. The court distinguished *Colorado Prime*, which involved a portion of the statute under which more than one telephone call is required to establish a TCPA violation, from cases involving prerecorded messages, in which a cause of action can accrue after only one prerecorded message has been sent.

{¶ 34} The *Reichenbach* court explained that where a violation can occur with the sending of a single prerecorded message, "[p]resumably, such a violation could arise without the sender's knowledge, because subsection (b) contains no provision for the implementation of 'reasonable practices and procedures' to avoid violating the statutory restrictions on pre-recorded telephone calls [like the requirement that telemarketers employ a Do Not Call Maintenance Policy]." Id. at ¶ 40. The court went on to conclude, "[t]he fact that the threshold for a violation under subsection (b) is so low, coupled with the lack of an affirmative defense and the provision that both 'willful' and 'knowing' violations can result in an award of treble damages, leads to the conclusion that the definition of 'knowingly,' as articulated in *Bryan* [*v. United States* (1998), 524 U.S. 184, 118 S.Ct. 1939, 141 L.Ed.2d 197] is more applicable in this context." Id. In Bryan, the United States Supreme Court determined that, in contrast to a "willful" violation, which requires a culpable state of mind, "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." Id. at 193, 118 S.Ct. 1939, 141 L.Ed.2d 197.

{¶ 35} We decline appellant's invitation to reject our own precedent in favor of the reasoning employed in *Reichenbach*. We are unconvinced that the standard articulated in *Colorado Prime* should be applied only in cases involving Section 227(c)(5), Title 47, U.S.Code. Applying the *Colorado Prime* standard for willfulness to this case, we fail to perceive an abuse of discretion in the trial court's finding that the violation of subsection (b) was not willful. However, because the trial court did not find that appellees' violations of Section 64.1200(b)(1) and (2), Title 47, C.F.R., constituted separate violations for purposes of awarding statutory damages, it did not consider whether those violations were "willful." On remand, the trial court must explicitly set forth its findings as to whether appellees willfully or knowingly violated the regulations prescribed under subsection (b), with respect to each of the violations identified herein as a basis for a separate award of damages, including violation of Section 64.1200(d)(1), Title 47, C.F.R. Accordingly, appellant's third assignment of error is sustained in part and overruled in part.

{¶ 36} In appellant's fourth, fifth, and seventh assignments of error, he argues that each and every separate violation of the TCPA constitutes a separate

violation of the CSPA, and the trial court erred in finding the existence of only one CSPA violation and awarding statutory damages therefor in the amount of $200.

{¶ 37} Appellant directs our attention to *Crye v. Smolak* (1996), 110 Ohio App.3d 504, 674 N.E.2d 779, in which this court noted that the majority of Ohio courts have found that where separate acts result in violations of multiple rules promulgated under the CSPA, the consumer is entitled to $200 per violation. Id. at 512, 674 N.E.2d 779. Appellant argues that this result is consistent with the notion that "[t]he [CSPA] is a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed pursuant to R.C. § 1.11." *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 29, 548 N.E.2d 933.

{¶ 38} Appellees argue that even if their single telephone call constitutes multiple violations of the TCPA, the trial court has discretion to determine that because these violations emanate from the same "transaction" they constitute only one violation of the CSPA. Appellees point out that the *Crye* court also said that the general rule of awarding $200 per violation does not preclude a court from finding that when multiple violations of the CSPA emanate from the same transaction, only $200 should be awarded.

{¶ 39} We begin by observing that under the CSPA, "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.02(A). A "consumer transaction" is defined, for purposes of the CSPA, as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, *or solicitation to supply any of these things.*" (Emphasis added.) R.C. 1345.01(A). Under this definition, appellees' TCPA violations constitute violations of the CSPA because the violations arose out of a solicitation to an individual for the sale of dental services, which are services that are primarily for personal, family, or household purposes.

{¶ 40} We also observe that in the cases cited by appellees in which courts have held it appropriate to impose only a single CSPA damage award for multiple CSPA rule violations emanating from the same transaction, the courts found that the rules violated were similar in that they were directed at preventing the same harm, and/or that the defendant's acts or omissions had in fact resulted in only one injury. See, e.g., *Couto v. Gibson* (Feb. 26, 1992), 4th Dist. No. 1475, 1992 WL 37800; *Buchanan v. Stiving* (Apr. 25, 1994), 5th Dist. No. 93–CA–75, 1994 WL 202405. Where, however, multiple TCPA violations arise from dissimilar rules directed to preventing distinct harms, and where such violations indeed

result in multiple harms, separate CSPA damage awards should be made for each TCPA violation.

{¶ 41} In the present case, appellant argues in his fourth, fifth, and seventh assignments of error that appellees' violations of Section 64.1200(b)(1) and (2), Title 47, C.F.R. and Section 64.1200(d)(1), Title 47, C.F.R. each constitute a separate violation of R.C. 1345.02(A). We agree that appellees' violations of Section 64.1200(b)(1) and (2), Title 47, C.F.R. caused a separate and distinct injury from that caused by the placement of the call itself, in violation of Section 227(b), Title 47, U.S.Code. Thus, appellant is entitled to a CSPA-based damage award in addition to the award for the TCPA violation occasioned by placement of the call.

{¶ 42} However, Section 64.1200(b)(1) and (2), Title 47, C.F.R. are both directed at preventing the same harm, to wit, rendering the called party without means to contact the caller in order to stop future violative calls; moreover, appellees' violations of these two regulations in fact caused a single injury. Thus, appellant is entitled to only one CSPA-based award of damages for these two violations.

{¶ 43} Finally, we agree with appellant that violation of Section 64.1200(d)(1), Title 47, C.F.R. constitutes the violation of a separate regulation whose purpose is distinct from that of Section 64.1200(b)(1) and (2), Title 47, C.F.R. We also agree that appellees' violation of Section 64.1200(d)(1), Title 47, C.F.R. caused a separate and distinct harm. Thus, appellant is entitled to a separate damage award under the CSPA based on this TCPA violation. In sum, we hold that appellant is entitled to a total of three CSPA awards of $200 each: one award for appellees' violation of Section 227(b), Title 47, U.S.Code, one award for appellees' violations of Section 64.1200(b)(1) and (2), Title 47, C.F.R., and one award for appellees' violation of Section 64.1200(d)(1), Title 47, C.F.R.

{¶ 44} For the foregoing reasons, then, appellant's fourth and fifth assignments of error are sustained in part and overruled in part, and his seventh assignment of error is sustained.

{¶ 45} In his sixth assignment of error appellant argues that appellees' failure to state, at the beginning of the call, that the purpose of the call was to make a sale constituted a violation of Ohio Adm.Code 109:4–3–11(A)(3) and (4). But a review of the record reveals that the trial court never passed upon that issue.

{¶ 46} Appellant's complaint alleges that appellees failed to state, at the beginning of the call, that the purpose of the call was to make a sale, but appellees specifically denied this allegation. When appellees sought summary judgment on appellant's CSPA claims, the sole basis therefor was that appellees

are exempt from the provisions of the CSPA. Thus, when the trial court entered summary judgment it was never presented with, and never passed upon, the question whether genuine issues of fact exist as to whether appellees' December 9, 2003 telephone call in fact failed to state, at the beginning of the call, that the purpose of the call was to make a sale. Moreover, the trial court also did not decide the issue of whether this would constitute a violation of the CSPA.

{¶ 47} "It is axiomatic that issues not passed upon in the court below are not properly before an appellate court on appeal." *Logan v. Liquor Control Comm.* (Aug. 11, 1994), 10th Dist. No. 93APE12–1744, 1994 WL 424999, at *2, citing *Moats v. Metro. Bank of Lima* (1974), 40 Ohio St.2d 47, 49–50, 69 O.O.2d 323, 319 N.E.2d 603. See, also, *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, 679 N.E.2d 706. Accordingly, we decline to address appellant's sixth assignment of error.

{¶ 48} In appellant's eighth and final assignment of error he argues that the trial court erred in granting appellees' motion for summary judgment with respect to appellant's claim for attorney fees under the CSPA.

{¶ 49} "Pursuant to R.C. 1345.09(F)(2), a trial court may award a consumer reasonable attorney fees when a supplier in a consumer transaction intentionally committed an act or practice which is deceptive, unfair or unconscionable." *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 548 N.E.2d 933, syllabus.

{¶ 50} Appellant argues that because appellees have admitted that they "knowingly" and "purposely" called appellant with a prerecorded message, the trial court erred in refusing to award appellant attorney fees. Appellees argue that even if they knowingly and purposely, or, in the language employed in *Einhorn*, "intentionally" committed a violation of the CSPA, the matter of attorney fees is still committed to the sound discretion of the trial court, and the trial court in the present case did not abuse its discretion. We agree.

{¶ 51} In the recent case of *Pep Boys—Manny, Moe & Jack of Delaware, Inc. v. Vaughn*, 10th Dist. No. 04AP–1221, 2006-Ohio-698, 2006 WL 350288, we held that "[t]he decision to grant or deny attorney fees under R.C. 1345.09(F) is discretionary. * * * Thus, an appellate court will not disturb the trial court's decision to grant attorney fees absent an abuse of discretion." Id. at ¶ 32. As we noted earlier, the term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was arbitrary, unreasonable, or unconscionable. *State ex rel. Lindenschmidt*, 72 Ohio St.3d at 465, 650 N.E.2d 1343. We do not perceive an abuse of discretion in the trial court's denial of attorney fees in this case. Accordingly, appellant's eighth assignment of error is overruled.

{¶ 52} In summary, appellant's first, second, and seventh assignments of error are sustained, his third, fourth, and fifth assignments of error are sustained in part and overruled in part, and his sixth and eighth assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is hereby remanded to that court for further proceedings consistent with law and with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

PETREE and FRENCH, JJ., concur.