[1] This Court notes that the spelling of cross-appellant's first name is shown as "Diane" on the trial court's entry and various other filings; however, it appears that the correct spelling of her first name is "Dianne" as shown by her signature on the Affidavit of Inability to Prepay Court Costs filed in this Court on October 27, 2006.
 DECISION AND JUDGMENT ENTRY
{¶ 1} Dianne Harrel cross-appeals from an Athens County Municipal Court judgment in her favor and against Brice Talley, dba Route 56 Auto Sales ("Route 56"). Harrel brought an action against Route 56 alleging multiple problems with an automobile she purchased. On cross-appeal, Harrel contends that the trial court erred when it failed to apply a "strict liability" standard to determine if Route 56 violated R.C.4549.46(A). Because it appears that the trial court applied a substantial compliance standard, we agree. Harrel next contends that she is entitled to a separate $200 minimum award under R.C. 1345.09(B) for each violation of the Consumer Sales *Page 2 
Practices Act ("CSPA") instead of the trial court's single award of $1,455 ($ 485 in actual damages tripled) for multiple violations. Because we have decided this issue in a prior case, and because we are required to liberally construe provisions of the CSPA in favor of the consumer, we agree. Accordingly, we sustain Harrel's first and second assignments of error, find her remaining four assignments of error moot, reverse the judgment of the trial court, and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} Harrel went to Route 56 in October 2003 to buy a vehicle. Harrel only had $200, and a salesman showed her a Chevy Blazer. She took it for a test drive and performed a cursory inspection of the vehicle. She noticed that the emergency brake light came on and that the carburetor lacked a breather. The salesman denied it had an emergency brake, but agreed to find the breather for the carburetor. The paint on the windshield stated the price was $800. Harrel and the salesman agreed to a $200 down payment. She signed a sales agreement, but never received a receipt.
 {¶ 3} The sales agreement stated the sales price was $1,253.05. Harrel inquired why the price had increased so much; someone told her that the increase was due to the tax and title. In fact, the tax and title only amounted to $79.66. In addition, the sales agreement failed to state the odometer reading, other than to say it exceeded mechanical limits. The sales agreement also went on to release the seller from most types of damages. It also gave Route 56 a very broad right to repossess the vehicle. In addition to this document, Route 56 did complete an Odometer Disclosure Statement *Page 3 
that states the odometer "now reads 21,009 miles" and "exceeds mechanical limits." She never signed the certificate of title, nor did she receive a title.
 {¶ 4} After Harrel initiated her action, Route 56 did produce a title with a signature.
But Harrel denied it was her signature, pointing out her name was misspelled on the title. In addition, the signature of the notary was not made on the same date as her alleged signature. Route 56 claimed it was their routine practice to have the buyer sign the title and then have it notarized later.
 {¶ 5} The day after purchasing the vehicle, Harrel returned to pay another $150
and to retrieve the breather the salesman promised her. Route 56 still did not have the breather for the carburetor, and someone at Route 56 told her to find one on her own. Over the next three weeks the car had numerous problems. It broke down twice, and Harrel had the carburetor rebuilt. In addition to paying $350 for the vehicle, Harrel spent another $135 on repairs and towing.
 {¶ 6} The trial court found that Route 56 did not violate R.C.4549.46(A), which involves odometer disclosures. The trial court found error but stated that it was "de minimus." Therefore, it did not render a damage award under R.C. 4549.49(A)(1).
 {¶ 7} The trial court further found that Route 56 violated the CSPA, i.e., R.C. 1345.02(A) and R.C. 1345.03(B)(6), by misrepresenting the vehicle's (1) quality and (2) price. However, the court only awarded a single sum of $1,455 ($ 485 in actual damages tripled) under R.C.1345.09(B) for the two violations plus reasonable attorney fees under R.C. 1345.09(F)(2). *Page 4 
 {¶ 8} Route 56 appealed the trial court's judgment and Harrel cross-appealed. We dismissed Route 56's appeal because of its failure to follow an order of this court and for failure to prosecute the appeal in a diligent manner. However, our dismissal of Route 56's appeal did not affect Harrel's cross-appeal, which remains pending.
 {¶ 9} Harrel asserts six assignments of error in her cross-appeal: I. "Whether the trial court erred as a matter of law when it failed to award Cross-Appellant damages under R.C. 4549.49, a strict liability statute, because it found the violation to be [de minimus]?" II. "Whether the trial court erred as a matter of law when it failed to award Cross-Appellant damages for each individual violation of R.C.1345.01, et. seq., the Consumer Sales Practices Act, substantiated by its findings of fact and uncontested evidence?" III. "Whether the trial court erred as a matter of law when it failed to award Cross-Appellant separate damages under the CSPA for Cross-Appellee's failure to deliver title to the automobile within the statutorily prescribed time and its falsification of title documents.?" IV. "Whether the trial court erred as a matter of law when it failed to award Cross-Appellant separate damages for Cross-Appellee's misrepresentation of her rights as a purchaser in violation of the CSPA?" V. "Whether the trial court erred as a matter of law when it failed to award Cross-Appellant separate damages for Cross-Appellee's failure to provide CSPA required receipts and disclosures regarding Cross-Appellant's deposit?" And, IV. "Whether the trial court erred as a matter of law when it failed to award Cross-Appellant separate damages for Cross-Appellee's misrepresentations of the vehicle's purchase price and quality, two separate violations of the CSPA?" *Page 5 
 II. {¶ 10} Harrel contends in her first assignment of error that the trial court erred as a matter of law when it failed to apply a "strict liability" standard to determine if Route 56 violated R.C. 4549.46(A). Harrel maintains that the "de minimus" clerical error that the trial court found shows a R.C. 4549.46(A) violation under a "strict liability" standard.
 {¶ 11} The issue we must resolve is whether the legislature intended for a strict liability standard to apply to R.C. 4549.46(A). "We review questions of law de novo." Cuyahoga Cty. Bd. of Commrs. v. State,112 Ohio St.3d 59, 2006-Ohio-6499, ¶ 23.
 {¶ 12} Here, Harrel alleged that Route 56 violated the first sentence of R.C. 4549.46(A), which states "No transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06
of the Revised Code." The legislature did not specify any degree of mental culpability in this part of the statute.
 {¶ 13} The leading case interpreting R.C. 4549.46(A) as imposing strict liability is Flint v. Ohio Bell Tel. Co. (1982),2 Ohio App.3d 136. The Flint court stated that "R.C. 4549.42 through R.C. 4549.45 each specify a culpable mental element." Flint at 137. "[T]he absence of a mental element in R.C. 4549.46 where the legislature clearly provided for culpable intent in the preceding sections plainly indicates a legislative purpose to hold transferors who violate R.C. 4549.46
strictly liable for their conduct." Id.
 {¶ 14} After the Flint court found that "strict liability" is the standard for a violation of R.C. 4549.46, the legislature amended R.C.4549.46(A) in 1987 and created an exception to the strict liability standard by adding a second sentence, which states, "The transferor of a motor vehicle is not in violation of this division requiring a true odometer *Page 6 
reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to4549.46 of the Revised Code, unless the transferor knows of or recklessly disregards facts indicating the violation."
 {¶ 15} After the amendment to R.C. 4549.46(A), we stated that the first sentence of R.C. 4549.46(A) imposes strict liability, but the second sentence does not. Ragland v. Dumm (Oct. 15, 1993), Ross App. No 92CA1915. Other courts have also interpreted the first sentence of R.C.4549.46(A) as imposing strict liability. See, e.g., Hubbard v. BobMcDorman Chevrolet (1995), 104 Ohio App.3d 621, 625-627; State ex rel.Celebrezze v. Calautti (1989), Mahoning App. No. 88CA88; State v.Gray (1988), Lucas App. No. L-87-204.
 {¶ 16} An accurate odometer reading is necessary even when the buyer of the vehicle knows the true odometer reading. Baek v. Cincinnati
(1988), 43 Ohio App.3d 158, 161 (the transferor's intent or the transferee's knowledge are not elements); Baker v. Hurst Buick (May 2, 1988). Strict liability exists for de minimus violations.Hubbard, supra (318 mile discrepancy — no exceptions for oversights or clerical errors).
 {¶ 17} Here, the trial court found that a "de minimus" clerical error did not violate R.C. 4549.46(A). It appears that the court applied the substantial compliance standard instead of the strict liability standard. Therefore, we find that the trial court erred as a matter of law when it did not apply the correct standard.
 {¶ 18} Accordingly, we sustain Harrel's first assignment of error.
 III. *Page 7 {¶ 19} Harrel contends in her second assignment of error that the trial court erred when it did not allow, pursuant to R.C. 1345.09(B), the minimum $200 statutory damages award for each violation of the Consumer Sales Practices Act ("CSPA"). She asserts that the trial court's decision to not award her a minimum of $200 for each of multiple violations of the CSPA is error. She claims that the court did find two violations but that she presented evidence establishing three additional violations for a total of five. She concludes that the trial court should have awarded her an additional $800 under R.C. 1345.09(B).
 {¶ 20} The issue we must resolve is whether the minimum $200 statutory damages award under R.C. 1345.09(B) applies to each CSPA violation. "We review questions of law de novo." Cuyahoga Cty. Bd. of Commrs., supra.
 {¶ 21} R.C. 1345.09(B) states: "For a violation of Chapter 1345. of the Revised Code, a consumer has a cause of action and is entitled to relief as follows: * * * (B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B) (2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of the consumer's actual damages or twohundred dollars, *Page 8 
 whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended." (Emphasis added.)
 {¶ 22} The legislature designed the CSPA to compensate consumers.Whitaker v. M. T. Automotive, Inc., 111 Ohio St.3d 177, 2006-Ohio-5481, ¶ 11. Because the CSPA contains traditional consumer remedies, courts must liberally construe it in favor of consumers pursuant to R.C. 1.11. Id. "One of its purposes is to make `private enforcement of the CSPA attractive to consumers who otherwise might not be able to afford or justify the cost of prosecuting an alleged CSPA violation, which, in turn, works to discourage CSPA violations in the first place via the threat of liability for damages and attorney fees.'" Id., quotingParker v. I F Insulation Co., Inc. (2000), 89 Ohio St.3d 261, 268.
 {¶ 23} The Whitaker court noted "that statutory damages in the amount of $200 are an alternative to actual damages, and, thus, $200 is the minimum award for a CSPA violation under R.C. 1345.09(B). In other words, if actual damages are not proven or if three times the consumer's damages is less than $200, then $200 will be awarded." Id. at ¶ 17.
 {¶ 24} The Ohio Supreme Court has never directly addressed the issue of multiple minimum awards for multiple violations of the CSPA versus a single award for multiple violations. We have found that when the consumer chooses rescission as his or her primary remedy, then the consumer is only entitled to that single recovery even when multiple violations of the CSPA occurred. Couto v. Gibson, Inc. (Feb. 26, 1992), Athens App. No. 1475. However, we found, more recently, that when a consumer seeks *Page 9 
damages as his or her remedy, then the consumer is entitled to multiple minimum $200 awards for multiple violations of the CSPA.Smith v. Stacy, Pike App. No. 00CA648, 2001-Ohio-2456. See, also,Charvat v. Ryan, 168 Ohio App.3d 78, 2006-Ohio-3705, ¶ 40; Crye v.Smolak (1996), 110 Ohio App.3d 504; Caledrone v. Jim's Body Shop (1991),75 Ohio App.3d 506.
 {¶ 25} Here, based on our prior decision in Smith addressing the same issue as presented in this case, and based on the requirement that we are to liberally construe the provisions of the CSPA in favor of the consumer, we find that the trial court erred as a matter of law when it did not award Harrel multiple R.C. 1345.09(B) awards of at least $200 per violation.
 {¶ 26} The trial court found actual damages of $485. It then tripled that amount, under R.C. 1345.09(B), for a total award of $1455. However, the court found that Route 56 violated the CSPA twice, i.e., it violated R.C. 1345.02(A) and R.C. 1345.03(B)(6). The court did not divide the award between the two statutes. In fact, the court may, or may not, have decided that it was not necessary to find any more violations because one award for multiple violations was permissible. Therefore, on remand, we instruct the court to determine the number of CSPA violations before determining the amount of damages per violation. We offer no opinion on how many additional violations, if any, occurred.
 {¶ 27} Accordingly, we sustain Harrel's second assignment of error.
 IV. *Page 10 {¶ 28} We do not address Harrel's remaining assignments of error because we find
them moot. See App.R. 12(A)(1)(c).
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 11 
Abele, J., Concurs in Judgment Only with Concurring Opinion:
In the case sub judice, the trial court heard the evidence and devised a fair-minded, common sense result. Occasionally, however, the application of the Consumer Sales Practices Act and prevailing case authorities lacks fair-mindedness and common sense. This case is one of those occasions.
 Athens App. No. 06CA41 *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and this CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion and Cross-Appellee pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment and Opinion.
 Abele, J.: Concurs in Judgment Only with Concurring Opinion. *Page 1