DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Toledo Municipal Court, in which the trial court granted a motion for partial summary judgment filed by appellant, Gregory Reichenbach, but denied his request for damages pursuant to the federal Telephone Consumer Protection Act and Ohio's Consumer Sales Practices Act.
 {¶ 2} Appellant sets forth the following two assignments of error on appeal:
 {¶ 3} "First Assignment of Error
 {¶ 4} "The trial court erred to the prejudice of Plaintiff-Appellant by refusing to award Plaintiff-Appellant the statutory damages to which he was entitled because Defendant-Appellee made a pre-recorded or automated telephone call to Plaintiff-Appellant in violation of the Telephone Consumer Protection Act.
 {¶ 5} "Second Assignment of Error
 {¶ 6} "The trial court erred to the prejudice of Plaintiff-Appellant by refusing to consider awarding Plaintiff-Appellant treble statutory damages, even though Defendant-Appellee `knowingly' violated the Telephone Consumer Protection Act."
 {¶ 7} Appellee, Financial Freedom Centers, Inc., has not filed an appellate brief. Accordingly, pursuant to App.R. 18(C), the following undisputed facts were taken from the record and, where applicable, appellant's statement of facts.
 {¶ 8} On July 23, 2002, appellant received a pre-recorded message from appellee on his home telephone, advertising a debt elimination program. The pre-recorded message was sent on appellee's behalf by Global Broadcast Solutions, LLC ("Global"). After listening to the message, appellant contacted appellee by telephone and by letter, demanding that he be placed on appellee's "do not call" list. In the letter, appellant also asked for a printed copy of appellee's "do not call" policy.
 {¶ 9} On December 19, 2002, appellant filed a complaint in Toledo Municipal Court, Small Claims Division, in which he alleged that appellee's pre-recorded message was sent in violation of the federal Telephone Consumer Protection Act ("TCPA"), specifically, 47 U.S.C. § 227(b) and47 C.F.R. § 64.1200, and Ohio's Consumer Sales Protection Act ("OCSPA"), R.C.1345.01, et seq. Accordingly, appellant asked the trial court to grant him statutory damages pursuant to both federal and state law and, in the court's discretion, treble damages as allowed under the TCPA.
 {¶ 10} Appellee filed an answer on January 16, 2003, in which it denied liability under both federal law and Ohio law. In support of its answer, appellee filed the affidavit of its vice-president, Timothy Schnelle. A trial was scheduled for July 2, 2003; however, appellee did not appear for trial. On July 28, 2003, appellee's attorney filed a motion to withdraw as counsel, which was granted on July 30, 2003.
 {¶ 11} On September 25, 2003, appellant filed a motion for partial summary judgment and a memorandum in support, in which he asserted that, as a matter of law, appellee violated both the TCPA and the OCSPA by sending him an unsolicited, prerecorded message, and by failing to send him a copy of appellee's "do not call" policy upon request. Attached to appellant's motion was a transcription of the text of the prerecorded message, appellant's own affidavit, and the affidavit of Timothy Schnelle.
 {¶ 12} Appellant stated in his affidavit that, after receiving the pre-recorded message, he telephoned appellee and was told that appellee was offering to sell him a service provided by another company, "Moneytek Corporation." Appellant stated that he did not "authorize, nor give consent, nor invite the phone call * * * on July 23, 2002." Appellant also stated in his affidavit that Global only broadcasts pre-recorded messages for its clients, including appellee. Finally, appellant stated that appellee failed to send him a copy of its "do not call" policy in response to his written request.
 {¶ 13} The text of the transcribed pre-recorded message sent to appellant was as follows:
 {¶ 14} "Hi. this is Lisa from Financial Freedom Centers 1-800-335-4991 extension 1. Sorry to miss you at home. Great news. You can cut your monthly credit card payments by up to half. You've been pre-approved for our non-profit consumer debt elimination program. This is not a loan. It can help you cut your payments, save you money before the next billing cycle. For free advice, give me a call before 9 pm. Again, my name's Lisa 1-800-335-4991 extension 1. Check us out at eliminate debt dot com."
 {¶ 15} Schnelle stated in his affidavit that the above-quoted message[1] was sent by Global on behalf of appellee, which offers a debt-elimination program provided by Moneytek Human Services, Inc. Schnelle further stated that Moneytek Human Services, Inc. is a non-profit entity and therefore, in his opinion, the call was permitted under both federal law and the OCSPA.
 {¶ 16} Appellee did not file a response to appellant's partial summary judgment motion, which was summarily granted by the trial court on November 6, 2003. On November 24, 2003, a hearing was held on the issue of damages, at which only appellant appeared. Appellant argued at the hearing that appellee violated the TCPA, first by causing the pre-recorded message to be sent, and also by not providing him with a copy of its "do not call" policy upon request. Similarly, appellant argued that appellee's actions resulted in two violations of Ohio's consumer protection law. Accordingly, appellant argued that he was entitled to receive up to $500 for each of appellee's two violations of the TCPA, and $200 for each violation of the OCSPA. Appellant also asserted that his was entitled to an award of treble damages, or $3,000, under the federal statute because appellee "knowingly" violated federal law.
 {¶ 17} On November 25, 2003, the trial court filed a judgment entry in which it found that, although appellant was entitled to partial summary judgment by default, he had no cause of action for damages under either the TCPA or the OCSPA. Specifically, the trial court found that appellee's July 23, 2002 pre-recorded telephone call did not violate 47 U.S.C. § 227 or R.C. 1345.01, et seq., since appellant only received one telephone call. In addition, the trial court found that appellant had no cause of action for failure to provide a copy of its "do not call" policy, because appellee provided appellant with a written copy of the policy through discovery. The trial court further found that the pre-recorded message was not "unfair" or "deceptive" and, therefore, did not violate the OCSPA. Finally, the trial court found that appellee did not "knowingly" violate federal law by sending appellant the message and, therefore, appellant was not entitled to treble damages. A timely appeal was filed from the trial court's judgment.
 {¶ 18} On appeal, appellant asserts in his first assignment of error that the trial court erred by finding that he had no cause of action under the TCPA.[2] In support thereof, appellant argues that a cause of action can arise under the TCPA, even if only one pre-recorded telephone call is made in violation of the law.
 {¶ 19} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 20} Restrictions on the use of automated telephone equipment are governed by 47 U.S.C.A. § 227(b)(1)(B), which states that it is unlawful for any person within the United States "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B); * * *." Id. Paragraph (2)(B) states, in pertinent part, that exemptions apply for telephone calls that are: (1) "not made for a commercial purpose"; and (2) if made for a commercial purpose, "will not adversely affect the privacy rights that this section is intended to protect; and * * * do not include the transmission of unsolicited advertisement * * *."47 U.S.C.A. § 227 (b)(2)(B)(ii)(I) and (II).
 {¶ 21} In addition to the above-stated exemptions, federal regulations promulgated pursuant to 47 U.S.C.A. § 227 state, in relevant part, that:
 {¶ 22} "[t]he term `telephone call' * * * shall not include a call or message by, or on behalf of, a caller:
 {¶ 23} "(1) That is not made for a commercial purpose,
 {¶ 24} "(2) That is made for a commercial purpose but does not include the transmission of any unsolicited advertisement,
 {¶ 25} "(3) To any person with whom the caller has an established business relationship at the time the call is made, or
 {¶ 26} "(4) Which is a tax-exempt nonprofit organization."47 C.F.R. § 64.1200(c).
 {¶ 27} Pursuant to 47 U.S.C.A. § 227(b)(3)(B), any person may bring an action in an appropriate state court for violations of the TCPA or the regulations promulgated thereunder, "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater * * *."
 {¶ 28} In this case, the trial court found that appellant had no cause of action under the TCPA, because the pre-recorded message he received was not made in violation of47 U.S.C.A. § 227(d)(3)(A),[3] and because appellant received only one pre-recorded telephone call. The trial court's reasoning is flawed, for several reasons.
 {¶ 29} First, compliance with 47 U.S.C.A. § 227(d)(3)(A) is not sufficient to relieve appellee of liability, since that subsection addresses only the technical and procedural standards for the use of automated telephone equipment. It does not govern when or to whom such calls may be made. Second,47 U.S.C.A. § 227(b)(1)(B) prohibits the initiation of any telephone call under prohibited circumstances. Similarly, the private cause of action outlined in 47 U.S.C.A. § 227 (b)(3)(B) clearly states that an action may be maintained to recover damages "for eachsuch violation." (Emphasis added.) Accordingly, in the case of pre-recorded telephone solicitations, only one call may be sufficient to support a cause of action.
 {¶ 30} In addition, the private right of action that arises under 47 U.S.C.A. § 227(c)(5)(B) for those persons who receive more than one call in a 12-month period does not apply in this case, since it refers only to those calls made by individuals in violation of a residential telephone subscriber's privacy rights.47 U.S.C.A. § 227(c)(5)(C). Moreover, subsection (c) specifically states that its provisions "shall not be construed to permit a communication prohibited by subsection (b)." 47 U.S.C.A. § 227
(c)(6). See, also, Grady v. Lenders Interactive Svcs., 8th Dist. No. 83966, 2004-Ohio-4239, ¶ 36 (47 U.S.C.A. § 227(b)(1)(C) and (b)(3), which govern both fax transmissions and pre-recorded telephone solicitations, specifically refer to "an" unsolicited advertisement and "a" violation in the context of a private right of action).
 {¶ 31} The record contains undisputed evidence that appellee, through Global, made one unsolicited, pre-recorded telephone call to appellant's home telephone for the purpose of advertising a debt elimination program. No evidence was presented to refute appellant's claim that the message was for a non-commercial purpose, or to demonstrate that appellant had an established business relationship with appellee. The record does contain evidence, through an undocumented statement made in Schnelle's affidavit and the text of the pre-recorded message, that the product advertised by appellee was ultimately provided by Moneytek Human Services, a non-profit business entity. However, regardless of Moneytek's non-profit status, no evidence was presented by appellee that the pre-recorded call to appellant was exempt from the provisions of the TCPA because appellee, who advertised the sale of the program, is a non-profit organization. See Chiles v. M.C. Capital Corp., (1994), 95 Ohio App.3d 485
(Entitlement to an applicable exemption from operation of a statute "is an affirmative defense which must be raised by the defendant." Id. at 496.).
 {¶ 32} This court has reviewed the entire record of proceedings that was before the trial court and, upon consideration thereof finds that, as a matter of law, in the absence of a statutory exemption, a private right of action can arise after only one pre-recorded telephone solicitation is made in violation of the provisions of 47 U.S.C.A. § 227(b). Accordingly, the trial court erred by finding that no cause of action exists under the TCPA unless more than one call is received within a 12-month period, and dismissing appellant's claim for statutory damages on that basis. Appellant's first assignment of error is well-taken.
 {¶ 33} Appellant asserts in his second assignment of error that the trial court erred by finding that appellee did not "knowingly" violate the TCPA, and refusing to award him treble damages on that basis.
 {¶ 34} Pursuant to 47 U.S.C.A. § 227(b)(3)(C), if the defendant is found to have willfully or knowingly violated the TCPA, the court may, in its discretion, award treble damages. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 35} In this case, the trial court found that appellee did not "knowingly" violate federal law by sending appellant only one pre-recorded telephone message. In so doing, the lower court relied on the decision of the Tenth District Court of Appeals inCharvat v. Colorado Prime, Inc. (Sept. 17, 1998), 10th Dist. No. 97APG09-127. In Charvat the appellate court held that:
 {¶ 36} "to knowingly violate the regulations as required by Section 227 (c)(5), Title 47, U.S. Code, a defendant must do more than make a telephone call. A defendant must affirmatively know it is violating a regulation when making the telephone call for purposes of the treble damages provision." Id. (Emphasis original.)
 {¶ 37} Appellant urges this court to ignore the holding inCharvat v. Colorado Prime and apply the definition of "knowingly" that was articulated by the United States Supreme Court in Bryan v. United States (1998), 524 U.S. 184. InBryan, the Supreme Court determined that, in contrast to a "willful" violation, which requires a culpable state of mind, "the term `knowingly' merely requires proof of knowledge of the facts that constitute the offense." Id. at 193.
 {¶ 38} As set forth above, Charvat was decided pursuant to47 U.S.C.A. § 227(c), which provides that more than one telephone call must be made within a 12-month period before a cause of action accrues. In addition, subsection (c)(5)(C) provides, in relevant part, that:
 {¶ 39} "It shall be an affirmative defense in any action brought under [paragraph (5)(C) of subsection (c)] that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. * * *"
 {¶ 40} In contrast, 47 U.S.C.A. § 227(b)(2)(C)(3) provides that a cause of action can accrue after only one pre-recorded message is sent. Presumably, such a violation could arise without the sender's knowledge, because subsection (b) contains no provision for the implementation of "reasonable practices and procedures" to avoid violating the statutory restrictions on pre-recorded telephone calls. The fact that the threshold for a violation under subsection (b) is so low, coupled with the lack of an affirmative defense and the provision that both "willful" and "knowing" violations can result in an award of treble damages, leads to the conclusion that the definition of "knowingly," as articulated in Bryan, supra, is more applicable in this context.
 {¶ 41} Upon consideration of the foregoing, this court finds that the trial court erred to the extent that it relied on the definition of the term "knowingly" as stated in Charvat, supra, and denying appellant's request for treble damages on that basis. Accordingly, appellant's second assignment of error is well-taken.
 {¶ 42} On consideration whereof, this court finds that there remains no genuine issue of material fact. Accordingly, after construing the evidence most strongly in favor of the non-moving party, we uphold the judgment of the trial court that appellant is entitled to partial summary judgment as a matter of law. However, based on our determination of appellant's two assignments of error as set forth above, we hereby reverse the trial court's findings as to whether appellant is entitled to statutory damages and discretionary treble damages.
 {¶ 43} The judgment of the Toledo Municipal Court is hereby affirmed in part and reversed in part, and the case is remanded to the trial court for a hearing on the awarding of statutory and/or discretionary damages. Pursuant to App.R. 24, costs of these proceedings are assessed to appellee.
Judgment affirmed in part and reversed in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J. Concur.
[1] Schnelle did not directly admit in his affidavit that the message sent to appellant was pre-recorded. He did, however, admit that the message was sent by Global. Appellee has produced no evidence to dispute appellant's claim that Global only sends out pre-recorded messages on behalf of its clients.
[2] Appellant does not argue on appeal that the trial court erred when it found that he cannot recover damages for appellee's alleged failure to provide a written copy of its donot-call policy, or by finding that he has no cause of action against appellee under the Ohio law. Accordingly, those issues will not be considered by this court.
[3] The applicable statutory provision is found at47 U.S.C.A. § 227(d)(3)(A), and shall be so referenced in this opinion.