DECISION
{¶ 1} Plaintiff-appellant, Philip J. Charvat ("appellant"), has applied for reconsideration of this court's judgment rendered in Charvat v. Ryan, et al., 10th Dist. No. 05AP-1331,2006-Ohio-3705. Appellant has also moved this court for an order certifying a conflict to the Supreme Court of Ohio. Defendants-appellees, Thomas N. Ryan, D.D.S. and Thomas N. Ryan, D.D.S., Inc. ("appellees") have filed memoranda in opposition to both filings.
 {¶ 2} We begin with the application for reconsideration. "App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1997), 112 Ohio App.3d 334, 336,678 N.E.2d 956, dismissed, appeal not allowed, 77 Ohio St.3d 1487,673 N.E.2d 146. However, "an application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." Ibid.
 {¶ 3} "App.R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified." Id. at 335. See, also,Matthews v. Matthews (1981), 5 Ohio App.3d 140, 143, 5 OBR 320,450 N.E.2d 278. In Matthews, this court stated, "the test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." Ibid. See, also, Erie Ins. Exchange v. ColonyDev. Corp. (2000), 136 Ohio App.3d 419, 421, 736 N.E.2d 950;Corporex Dev. Constr. Mgmt., Inc. v. Shook, Inc., 10th
Dist. No. 03AP-269, 2004-Ohio-2715, ¶ 4.
 {¶ 4} Appellant advances three separate arguments in support of his application to reconsider. First, he argues that we erroneously applied an abuse-of-discretion standard in reviewing the trial court's decision not to award treble damages or attorney fees, and that we should instead have applied the de novo standard of review that is appropriate on review of a summary judgment.
 {¶ 5} This argument has no merit. The plain language of the TCPA expressly provides that the predicate for a determination whether to award treble damages is the trial court's factual finding whether the defendant acted willfully or knowingly, and vests the trial court with discretion to award treble damages. See Section 227(b)(3), Title 47, U.S. Code ("If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available * * *.") (Emphasis added.)
 {¶ 6} Similarly, the CSPA provides that a "court may award to the prevailing party a reasonable attorney's fee." R.C.1345.09(F). (Emphasis added.) Thus, the decision to grant or deny attorney fees under R.C. 1345.09(F) is discretionary and will only be reversed for an abuse of discretion. Pep Boys — Manny,Moe Jack of Delaware, Inc. v. Vaughn, 10th Dist. No. 04AP-1221, 2006-Ohio-698.
 {¶ 7} We applied the proper standard of review to the trial court's decisions regarding treble damages and attorney fees. Therefore, appellant's first argument is without merit.
 {¶ 8} Next, appellant argues that when we reviewed the trial court's refusal to award treble damages we erroneously determined that in order to establish that a violation of the TCPA was "knowing" or "willful" the plaintiff must show that the caller went beyond merely initiating the call and that it affirmatively knew that it was violating a regulation. According to appellant, we should have concluded that so long as appellees knew the facts that constitute the offense (i.e., that they initiated a telemarketing call by means of a prerecorded message system, to a consumer with whom they did not have an established business relationship, without the consumer's prior express consent) the trial court was obligated to find that the violations were willful.
 {¶ 9} Appellant points out that Section 312(f)(1), Title 47, U.S. Code, which is part of the same Communications Act of 1934 to which the TCPA belongs, provides that the term "willful," when used with reference to the commission or omission of any act, "means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act or by a treaty ratified by the United States." However, by its own terms, that provision is limited in application to Section 312, which concerns administrative revocations of radio station licenses and construction permits. Thus, it is wholly inapposite to our review.
 {¶ 10} In our earlier opinion, we followed the standard for evaluating willfulness set forth in Charvat v. Colorado Prime,Inc. (Sept. 17, 1998), 10th Dist. No. 97APG09-1277. This was not an obvious error and was not the result of any oversight on our part. Accordingly, appellant's second argument is without merit.
 {¶ 11} In his third and final argument, appellant contends that we "disregard[ed]" the holding of the Supreme Court of Ohio in Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27,548 N.E.2d 933, when we affirmed the trial court's denial of attorney fees. Specifically, he directs our attention to that portion of the Einhorn opinion in which the court states that requiring proof that the defendant understood that its actions would violate the Act "takes the teeth out of the Consumer Sales Practices Act" and that the legislative purpose of the Act "is better safeguarded by finding that `knowingly' committing an act or practice in violation of R.C. Chapter 1345 means that the supplier need only intentionally do the act that violates the Consumer Sales Practices Act. The supplier does not have to know that his conduct violates the law for the court to grant attorney fees." Id. at 30.
 {¶ 12} Appellant reminds the court that appellees admitted in their answer to the complaint that they knowingly and purposely placed the offending calls. Thus, appellant argues, there was no basis for the trial court's refusal to award attorney fees and we should have reversed that decision.
 {¶ 13} It is true that pursuant to the holding in Einhorn,
"a supplier can be liable for attorney fees even if it was not aware that its conduct violated the CSPA, as long as it intentionally engaged in the conduct." Pep Boys, supra, at ¶ 33, citing Einhorn. However, nothing in R.C. Chapter 1345, or in the applicable precedent requires the trial court to award attorney fees when the violation involved is a knowing one. Though suppliers are subject to liability for attorney fees when they intentionally engage in conduct that constitutes a violation of the CSPA, there is no mandate that trial courts award attorney fees in every such situation.
 {¶ 14} As we stated in our opinion, "the term abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable. State ex rel. Lindenschmidt v. Butler Cty. Bd.of Commrs. (1995), 72 Ohio St.3d 464, 465, 650 N.E.2d 1343. We do not perceive an abuse of discretion in the trial court's denial of attorney fees in this case." Charvat v. Ryan,
10th Dist. No. 05AP-1331, 2006-Ohio-3705, ¶ 51. Appellant has not demonstrated that we failed to fully consider this issue or that we made an error of law in our disposition of his eighth assignment of error. Thus, appellant's third argument in support of his application for reconsideration has no merit.
 {¶ 15} Appellant's application for reconsideration neither calls our attention to an obvious error in our judgment, nor does it raise an issue for consideration that was not fully considered.
 {¶ 16} We now turn to appellant's motion to certify a conflict. In Whitelock v. Gilbane Bldg. Co. (1993),66 Ohio St.3d 594, 613 N.E.2d 1032, the Supreme Court of Ohio set forth the standard for courts of appeals to use in passing upon a motion to certify:
* * * [A]t least three conditions must be met before and during the certification of a case to this court pursuant to Section3(B)(4), Article IV of the Ohio Constitution. First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law — not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.
Id. at 596.
 {¶ 17} However, "there is no reason for a Court of Appeals to certify its judgment as conflicting with that of another Court of Appeals where * * * the point upon which the conflict exists had no arguable effect upon the judgment of the certifying court."Penrod v. Ohio Dept. of Admin. Servs., 10th Dist. No. 04AP-1118, 2005-Ohio-6611, ¶ 4, quoting Pincelli v. Ohio BridgeCorp. (1966), 5 Ohio St.2d 41, 44, 34 O.O.2d 55, 213 N.E.2d 356. "Questions certified should have actually arisen and should be necessarily involved in the court's ruling or decision."Pincelli, at 44.
 {¶ 18} Appellant herein moves this court to certify the judgment in this case as being in conflict with the decision of the Sixth Appellate District in Reichenbach v. Financial FreedomCtrs., Inc., 6th Dist. No. L-03-1357, 2004-Ohio-6164. He argues that the two cases are in conflict on the following issue of law: Whether a defendant "knowingly" violates Section 227(b), Title 47, U.S. Code, or the regulations promulgated thereunder, for purposes of awarding treble damages under Section 227(b)(3), where it is demonstrated that the defendant had knowledge of the facts constituting the offense.
 {¶ 19} Appellant points out that in both cases the courts dealt with the question of what circumstances will constitute sufficient proof that a TCPA violation was "knowing" for purposes of discretionary treble damages under Section 227(b)(3), Title 47, U.S.Code. Because the two courts resolved this question differently, appellant urges that a conflict exists sufficient to warrant a certification to the Supreme Court of Ohio. TheReichenbach court held that the term "knowingly" "merely requires proof of knowledge of the facts that constitute the offense[,]" Id. at ¶ 37, while we followed our own precedent under which, in order to be "knowing" a violation must involve the caller "affirmatively know[ing] it is violating a regulation when making the telephone call." Charvat v. Ryan, at ¶ 31, quoting Charvat v. Colorado Prime, Inc.
 {¶ 20} Appellees argue that we should not certify a conflict because our determination as to the definition of "knowingly" for purposes of discretionary treble damages was not essential to our disposition of appellant's third assignment of error. Appellees appear to be arguing that even if we had found that the trial court erred in its definition of "knowingly" and should have found knowing violations, we could not have reversed the trial court's ultimate decision, in its discretion, to refrain from awarding treble damages. Indeed, they conclude their memorandum in opposition to the motion to certify by stating, "[the trial court's refusal to award treble damages] was not an abuse of discretion — regardless of the legal definition given the term "knowingly." (Appellees' Memorandum in Opposition to Motion to Certify a Conflict, at 5.)
 {¶ 21} But our definition of "willfully" and "knowingly" was essential to our disposition of appellant's third assignment of error. We determined that, by relying on Colorado Prime, the trial court applied the correct standard for assessing willfulness. We then determined that, when the trial court applied that standard to the record before it, it did not abuse its discretion in making the factual finding that appellees' action were not willful. Because the trial court correctly found no willfulness, the second part of the trial court's discretion — whether or not to award treble damages — was never triggered; thus, our review of that step was likewise never triggered. It is therefore inaccurate to state that we would have affirmed the trial court's denial of treble damages regardless of which definition the trial court used.
 {¶ 22} We agree with appellant that a conflict exists on the same issue of law not distinguishable on the facts. Thus, we certify the present case as being in conflict with the decision of the Sixth Appellate District in Reichenbach v. FinancialFreedom Ctrs., Inc., 6th Dist. No. L-03-1357,2004-Ohio-6164, on the following question:
Whether a defendant "knowingly" violates Section 227(b), Title 47, U.S. Code, or the regulations promulgated thereunder, for purposes of awarding treble damages under Section 227(b)(3), where the plaintiff demonstrates that the defendant had knowledge of the facts constituting the offense; or whether the plaintiff must prove that the defendant knew when it placed the offending call that the call constituted a violation of the TCPA or any regulations promulgated thereunder.
 {¶ 23} The motion to certify is granted and the above question is certified to the Supreme Court of Ohio for resolution of the conflict pursuant to Section 3(B)(4), Article IV, Ohio Constitution.
Application for reconsideration denied; motion to certifyconflict granted.
Petree and French, JJ., concur.