OPINION
{¶ 1} In the instant appeal, appellants, Eric and Sandra Phillips, appeal the judgment of the Geauga County Court of Common Pleas, granting summary judgment in favor of appellees, Harvard Mortgage Corporation ("Harvard Mortgage") and Magnet Mortgage, Inc. ("Magnet"), (hereinafter collectively referred to as "Harvard"). For the reasons that follow, we affirm the judgment of the lower court. *Page 2 
 {¶ 2} On July 20, 2005, Harvard filed a two count complaint in the trial court, alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), Section 227(b)(1)(c), Title 47, U.S. Code, and Ohio's Consumer Sales Practices Act, R.C. Chapter 1345, based upon certain facsimile transmissions received from a company called Financial Link Services, an entity allegedly owned and operated by appellants, Eric and Sandra Phillips. Attached to the complaint were several copies of the facsimile transmissions, as well as a copy of a letter from Harvard's attorney, Robert Willis, dated June 28, 2004, informing Financial Link Services of its alleged violation of the aforementioned statutes, and seeking resolution to the issue. According to its complaint, Harvard never received any response to its letter.
 {¶ 3} On January 9, 2006, Harvard filed a motion for summary judgment. Attached to its motion, Harvard again included copies of the facsimile transmissions which had been previously attached to its complaint, the letter from its attorney to Financial Link Services, and two affidavits. The affidavits, from Michelle Lefkowitz, secretary for Harvard Mortgage and Susan Smith, Officer for Magnet, respectively, averred that Harvard Mortgage had received five unsolicited facsimile transmissions for advertisement, and Magnet had received twenty-three such facsimile transmissions from Financial Link Services.
 {¶ 4} After being granted leave to respond to Harvard's motion for summary judgment, appellants filed their brief in opposition, as well as their own motion for summary judgment. In appellants' brief in opposition, they alleged that Harvard was not entitled to summary judgment on its claims, because Eric and Sandra Phillips could not be held personally liable for the violations of the TCPA or Ohio's Consumer Sales *Page 3 
Practices Act. Attached to the motions were copies of affidavits from Eric and Sandra Phillips, which averred, respectively, that "[a]t all times relevant hereto, FLS Financial Corporation was a duly organized corporation under the general corporation law of the State of California;" that Eric and Sandra Phillips were, and continue to be, directors of FLS Financial Corporation; that the unsolicited facsimiles which were the subject matter of the instant suit were sent by a third-party company "hired by employees of FLS Financial Corporation;" and that neither Eric nor Sandra Phillips personally sent any of the unsolicited facsimiles which were subject of the lawsuit. (Emphasis added). Also attached to appellants' motion was a copy of the California articles of incorporation for FLS Financial Corp., which were filed with the office of the California Secretary of State on February 4, 2002. In their motion, appellants stated they would supplement the motion with the original affidavits "upon receipt." On May 4, 2006, Harvard filed a brief in opposition to appellants' motion for summary judgment.
 {¶ 5} On May 16, 2006, the trial court considered the cross-motions for summary judgment on oral argument of the parties. Following the hearing, the court ordered the parties to re-appear for oral argument on the motions on June 15, 2006, and requested the parties supplement their written arguments to address the following issues: (1) Whether appellants would be exonerated from personal liability if, once made aware of the violations, they made no effort to curtail the activities of their marketing department; and, (2) the effect on liability "if the physical act of sending the Fax is entrusted to a separate agency, such as a Fax/Copy service." There is no evidence in the record to indicate whether further hearings were ever held on these issues. *Page 4 
 {¶ 6} On August 15, 2006, the court issued an order scheduling the jury trial for February 27, 2007. Pursuant to this order, the parties were to furnish the court with a trial brief by February 6, 2007.
 {¶ 7} On February 6, 2007, the parties filed a joint motion for continuance of the trial, based upon the parties' continued engagement in settlement negotiations. This motion was granted by the court, and trial was rescheduled for April 24, 2007.
 {¶ 8} On April 3, 2007, the trial court granted summary judgment in favor of Harvard. In its judgment entry, the trial court made the following findings:
 {¶ 9} "The court finds Defendants (Phillips) submitted only facsimile affidavits in support of their claims with the originals to be filed sometime later. * * * Such originals have never been submitted. The court does not accept facsimile filings.
 {¶ 10} "The court further finds that Plaintiff prevails in this case on their motion for summary judgment and the evidence. Even if the defendants' facsimile affidavits were admissible, Plaintiffs still prevail. Nothing appears in the subject FAX's [sic] to trace them to an "FLS Financial Corp." All the admissible indications are that defendants are personally responsible for such FAX's [sic].
 {¶ 11} "Further found that the FAX's [sic] were knowingly sent * * *.
 {¶ 12} "Further found that they were unsolicited and that defendants Eric Phillips d.b.a. Financial Link Services and Sandra Phillips d.b.a. Financial Link Services are the responsible parties." *Page 5 
 {¶ 13} As a result of these findings, the trial court denied Appellants' motion for summary judgment and granted appellees' motion, and awarded damages in the amount of $7, 500 to Harvard Mortgage and $48, 000 to Magnet.[1]
 {¶ 14} The instant appeal timely followed. Appellants have assigned the following as error for our review:
 {¶ 15} "[1.] The trial court erred to the prejudice of defendant/appellants by failing to grant defendant/appellants' motion for summary judgment.
 {¶ 16} "[2.] The trial court erred to the prejudice of defendants/appellants by granting plaintiffs/appellees' motion for summary judgment."
 {¶ 17} Since both of appellants' assignments of error address the issue of whether summary judgment was properly granted, they will be addressed together.
 {¶ 18} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewed in a light most favorable to the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Zivich v. Mentor Soccer Club,Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389.
 {¶ 19} A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference *Page 6 
to the trial court's decision. Brown v. Cty. Commrs. of SciotoCty., (1993), 87 Ohio App.3d 704, 711.
 {¶ 20} In the context of a summary judgment exercise "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The `portions of the record' * * * are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case." Dresher v. Burt, 75 Ohio St.3d 280, 296,1996-Ohio-107. (Emphasis omitted.) If the moving party satisfies its burden under Civ.R. 56(C), then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. "Material facts are those facts that might affect the outcome of the suit under the governing law of the case."Johnson v. Allstate Ins. Co., 11th Dist. No. 2001-T-0127, 2002-Ohio-7165, at ¶ 26, citing Turner v. Turner, 67 Ohio St.3d 337,340, 1993-Ohio-176; Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 {¶ 21} In essence, appellants Eric and Sandra Phillips argue that the trial court should have granted their motion for summary judgment since the facsimiles in question were sent on behalf of an entity known as FLS Incorporated, for which appellants were corporate officers. Thus, they maintain that they cannot be held personally liable without Harvard first joining FLS Incorporated as a required party and then "piercing the corporate veil" to impose liability on them individually.
 {¶ 22} Harvard brought the instant action under the TCPA. The relevant portion of the Act makes it "unlawful for any person within the United States * * * to use any *Page 7 
telephone facsimile machine, computer. or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless * * * the unsolicited advertisement is from a sender with an established business relationship with the recipient of the unsolicited advertisment; [or] the sender obtained the number of the telephone facsimile machine through * * * the voluntary communication of such number, within the context of such established business relationship, from the recipient, or * * * a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution * * *." Section 227(b)(1)(C)(i) and (ii), Title 47, U.S. Code. "Ohio Courts have found that a violation of the TCPA also results in a violation of R.C. 1345.02 of the Ohio CSPA." Bransky v. Shahrokhi, 8th Dist. No. 84262, 2005-Ohio-97, at; ¶ 6 (citations omitted).
 {¶ 23} "Pursuant to Section 227(b)(3)(B), Title 47, U.S. Code, any person or entity may bring a TCPA action in state court." Omerza v.Bryant Stratton, 11th Dist. No. 2006-L-092, 2007-Ohio-5215, at ¶ 2
fn.1, citing Reichenbach v. Financial Freedom Centers, Inc., 6th Dist. No. L-03-1357, 2004-Ohio-6164, at ¶ 27. The statute authorizes the recovery of up to "$500 in damages for each such violation, * * * or, * * * [i]f the court finds the defendant willfully or knowingly violated" the statute, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" the maximum amount of damages. Section 227(b)(3)(A) and (C), Title 47, U.S. Code.
 {¶ 24} This court has noted that "`the TCPA treats fax advertising differently than it does telemarketing calls.' * * * With telemarketing calls, if a customer asks to be placed on a `do not call' list, the company must honor that request. With faxes, `[n]either the *Page 8 
statute nor the legislative history contemplates a mechanism for [recipients] to `opt out' of unwanted fax transmissions * * *."Omerza, 2007-Ohio-5215, at ¶ 27 (citations omitted). "The legislative history demonstrates that the TCPA was passed in order to restrict the influx of unwanted junk fax[es], to reduce the advertiser's ability to tie up a business owner's fax lines, and to prevent the advertising from spreading the costs to the business owner." Id. at ¶ 29 (citation omitted).
 {¶ 25} "Unsolicited advertisement," for the purposes of the TCPA, is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." Id. at ¶ 22, citing Section 227(a)(5), Title 47, U.S. Code.
 {¶ 26} Based on the evidence submitted, there is no dispute that the appellees established a prima facie case that the facsimiles in question were unsolicited advertisements within the purview of the statute. The affidavit of Lefkowitz, which averred the receipt of the five unsolicited faxes at Harvard Mortgage, and the affidavit of Smith averring the receipt of twenty-three such unsolicited faxes at Magnet from "Financial Link Services," are sufficient to establish this element under Civ.R. 56(C). A review of the facsimiles in question clearly establish that they were transmitted for the purpose of "advertising the commercial availability of * * * services." As our court has previously noted, "recipients of unsolicited facsimile advertisements are not required to ask that senders stop transmitting such materials."Omerza v. Bryant Stratton, 11th Distl. No. 2006-L-147, 2007-Ohio-5216, at ¶ 34 (citation omitted). *Page 9 
 {¶ 27} The central element to our inquiry is whether appellees established that appellants, as individuals were the "sender" under the TCPA. "Sender" is defined for the purposes of the act as "the person or entity on whose behalf a facsimile is transmitted or whose goods or services are advertised or promoted in the unsolicited advertisement."Taylor v. XRG, Inc., 10th Dist. No. 06AP-839, 2007-Ohio-3209, at ¶ 28
(citations omitted) (emphasis added).
 {¶ 28} Appellants argue that the affidavits attached to their motion for summary judgment were sufficient to create a genuine issue of material fact as to whether appellants were personally liable as "senders" under the statute. "To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law."Johnson, 2002-Ohio-7165, at ¶ 26 (citation omitted) (emphasis added). If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E).
 {¶ 29} Evidentiary submissions are reviewed under an abuse of discretion standard. "A [party] can move for summary judgment `with or without supporting affidavits.' Civ.R. 56(A). Civ.R. 56(C) specifies that certain evidence," including "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact" may all properly be considered by a trial court within the context of a summary judgment exercise. Christe v. GMS Mgt. Co. (1997), 124 Ohio App.3d 84, 90, reversed on other grounds 88 Ohio St.3d 376, 2000-Ohio-351. "The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by *Page 10 
reference into a properly framed affidavit pursuant to Civ.R. 56(E)."Skidmore Assoc. Co., L.P.A. v. Southerland (1993), 89 Ohio App.3d 177,179.
 {¶ 30} The court properly did not consider the faxed copies of appellants' affidavits as competent evidence of this alleged fact.[2]
Faxed, uncertified copies of affidavits are not considered competent evidence for the purposes of summary judgment. Knox v. Travelers Ins.Co., 10th Dist. No. 02AP-28. 2002-Ohio-6958, at ¶ 12 fn.1 (citations omitted); accord Strode v. Phillips, 8th Dist. No. 79978, 2002-Ohio-1782, at ¶¶ 16-19; Darby v. Ciraso (Sept. 19, 2000), 4th Dist. No. 99CA2657, 2000 Ohio App. LEXIS 4372, at *21-*22.
 {¶ 31} Thus, the court acted within its discretion by not considering appellants' unverified statements that "FLS was a duly authorized corporation under the general corporation law;" that "the unsolicited faxes that are the subject matter of this lawsuit * * * were sent by a third-party company"; that "[s]aid third party company was hired by employees of FLS Financial Corporation"; or that "appellant did not personally send any of the unsolicited faxes."[3]
 {¶ 32} In this case, appellee's evidence, in the form of documents faxed to Harvard and Magnet, and incorporated by reference by the affidavits of Lefkowitz and Smith, establish that the faxes in question reference the web addresses, *Page 11 
www.FinancialLinkServices.com and www.800Credit911.com, and advertise or promote the business under the headlines "Financial Link Services `Mortgage Credit Underwriting'" and "FLS Credit News," which asks "Why use FLS?" Each provides either a list of services provided by "Financial Link Services"; references the name of the company as "Financial Link Services"; or contains the logo for that entity, or some combination of the above. None of the aforementioned facsimile transmissions reference an "FLS Incorporated," as alleged by appellants.
 {¶ 33} Although this alone is not sufficient to link the entity "Financial Link Services" to appellants, appellees also filed a Brief in Opposition to appellants' motion for summary judgment, which contained the affidavit of Janet Beaumont, paralegal for appellees' attorney. Beaumont's affidavit averred that she had conducted internet research regarding the entity "FLS Financial Corp.," and found that "the name `Financial Link Services' is not registered as a trade name with the California Secretary of State"; and that "neither `Financial Link Services' nor `FLS Financial Corp.' are registered with the Ohio Secretary of State to do business in Ohio."
 {¶ 34} Attached to the affidavit were what Beaumont averred were "true and accurate copies of the documents * * * found online." Among these documents were domain name searches for the web addresses "FinancialLinkServices.com" and "800Credit911.com." The documents linked the domain name "FinancialLinkServices.com" to the registrant "Financial Link," located at 8090 Vernon Ave., Suite 120, in Montclair, California. The evidence revealed the domain name "800Credit911.com" was registered to "Financial Link Services, Inc.," located at 8020 *Page 12 
Vernon Ave., Suite 122, in Montclair, California. This domain name listed "eric@financiallinkservices.com" as the Administrative/Technical contact.
 {¶ 35} Also attached to Beaumont's affidavit was a search of the California Secretary of State's website, showing that "Financial Link Services, Inc." was registered as a corporate name to an entity in Laguna Niguel, CA, and named as its corporate agent "Corporation Service Company, which will do business in California as CSC-Lawyers Incorporating Service." The evidence showed this corporation was located in Sacramento, California.
 {¶ 36} Finally, appellants attached what was averred to by Beaumont as a "true and accurate copy" of information taken from a BBB Reliability Report, issued by the Better Business Bureau of San Diego and Imperial Counties, which indicated that "Financial Link Services" was a non-member company engaged in the business of "Credit Repair Services." The report further indicated that the company, d.b.a. "Financial Link Services," located at 8920 Vernon Ave., Suite 122, in Montclair, California, was owned by Eric Phillips, and Sandra Phillips served as President.
 {¶ 37} The admissibility of this evidence was not challenged by appellants at the trial court level. Even if this evidence had been improperly admitted, it is well-settled that "if the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion." Christe, 124 Ohio App.3d at 90
(citation omitted). Moreover, the failure to raise an issue at the trial court level precludes appellants from raising it for the first time on appeal. Discover Bank v. Poling, 10th Dist. No. 04AP-1117,2005-Ohio-1543, at ¶ 8 (citations omitted). "Accordingly, this Court will not review *Page 13 
appellant's argument that the trial court improperly considered Exhibits * * * in its summary judgment determination." Szakal v. Akron RubberDev., 9th Dist. No. 21496, 2003-Ohio-6820, at ¶ 6.
 {¶ 38} The information presented in appellees' motion for summary judgment and their brief in opposition established a prima facie case that Financial Link Services was not a corporate entity, and that Eric and Sandra Phillips were that company's principals. Since appellants have failed to rebut this evidence with admissible evidence of their own, the trial court did not err by granting summary judgment in appellees' favor.
 {¶ 39} Appellants' first and second assignments of error are without merit.
 {¶ 40} The judgment of the Geauga County Court of Common Pleas is affirmed. Costs to be taxed against appellants.
COLLEEN MARY OTOOLE, J., concurs with a Concurring Opinion.
TIMOTHY P. CANNON, J., dissents with a Dissenting Opinion.
[1] On October 9, 2007, the trial court granted Appelants' motion to Stay Execution of the Judgment during the pendency of this appeal, provided Appellants posted a supersedeas bond in the amount of $55, 000.
[2] As mentioned in the statement of facts, appellants stated they would supplement their motion for summary judgment with original copies "upon receipt." However, appellants did not file original copies of these affidavits with the trial court until June 8, 2007, which wasover two months after the trial court issued its judgment. Accordingly, these were not timely filed, and cannot be considered now. Ranallo v.First Energy Corp., 11th Dist. No. 2005-L-187, 2006-Ohio-6105, at ¶76.
[3] We note, as an aside, that had the court accepted appellants' statement that a third-party was responsible for sending the advertisements in question on the company's behalf, this would not preclude a finding of liability under the TCPA, since the Federal Communications Commission "clarified the definition of `sender' to mean the person or entity on whose behalf the fax is transmitted or whose goods or services are advertised or promoted in the unsolicited advertisement." Taylor, 2007-Ohio-3209, citing Section 64.1200(F)(8), Title 47, C.F.R.